JUDGE SWEET

07 CV   4107

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

Black Dog & Leventhal Publishers, Inc., a New
York corporation,

                Plaintiff,

      -against-

Black Dog Publishing Limited, a United Kingdom
company,

                Defendant.

------------------------------------------------------------- x

:   ECF Case       MAY 2 5 2007

:   Civil Action No. 07 Civ. _____

:

:   **COMPLAINT**

:

:   JURY TRIAL DEMANDED

        Plaintiff Black Dog & Leventhal Publishers, Inc. (hereinafter, "Black Dog," as it

is widely known in the trade), by its undersigned counsel, Cowan, DeBaets, Abrahams &

Sheppard LLP, as and for its Complaint, alleges as follows:

## NATURE OF THE CLAIMS

    1.    Plaintiff Black Dog is a book publisher. Black Dog sells books throughout the

world under the registered trademark BLACK DOG & LEVENTHAL PUBLISHERS (the

"Mark," or "Black Dog's Mark"). Black Dog brings this action under the United States

Trademark Act, 15 U.S.C. § 1 *et al.*, and other laws, for infringement of the Mark, unfair

competition, and violation of its other rights, against Defendant Black Dog Publishing Limited

("BDP"), a United Kingdom based book publisher which is expanding its sales activities into

the United States, and has commenced a widespread course of marketing and distributing books

under the mark "BLACK DOG PUBLISHING" (the "Infringing Mark"), which squarely

infringes on the Mark. Using the Infringing Mark, BDP is about to exhibit for the first time

later this month at Book Expo America in New York City, a high-profile launch the most

A059839.DOC\4

important event in the US book publishing industry, where BDP's exhibit booth will appear just feet away from Black Dog's. Black Dog has now discovered that BDP's use of the Infringing Mark has already caused actual confusion, as book orders for BDP books have been misdirected to Black Dog's distributor, and possibly vice versa. Black Dog seeks injunctive relief preventing such infringement of its rights in the Mark in the United States, and damages for the harm caused to its business and the Mark's reputation to date.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§ 1121, 1331, 1337, and 1338. This Court has subject-matter jurisdiction over the non-federal claims under 28 U.S.C. § 1367, as well as under § 1332 because the amount in controversy exceeds $75,000 and there is a complete diversity of citizenship.

3.    Venue is proper in this district under 28 U.S.C. §1391 because Defendant BDP because a substantial part of the events or omissions giving rise to the claims occurred and, if not enjoined, will occur in this district, and because defendant may be found in this district.

## THE PARTIES

4.    Plaintiff Black Dog & Leventhal Publishers, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business at 151 West 19th Street, New York, New York 10011.

5.    Upon information and belief, defendant Black Dog Publishing Limited is a private limited company organized under the laws of the United Kingdom, with its principal place of business at Unit 4.04 Tea Building, 56 Shoreditch High Street, London E1 6JJ, United Kingdom.

A059839.DOC\4

6.    Defendant BDP has, via third-party distributors and via direct internet sales, marketed and/or sold books bearing the Plaintiff's registered Mark or a trademark confusingly similar thereto (the "Infringing Books") in international and/or interstate commerce without the permission or authorization of plaintiff.

## RELEVANT FACTS

### Black Dog & Leventhal Publishers, Inc.

7.    Black Dog has published books under the Mark (collectively, the "Black Dog Books") since 1993.  Black Dog has published over 600 titles, including national best-sellers as the *Complete Cartoons of the New Yorker* and Judith Dupre's *Skyscrapers*.  Black Dog is also well known as the United States hardcover publisher of Agatha Christie, whom Guiness World Records 2007 names as the world's best-selling fiction writer, with over 2 billion copies sold. Black Dog has either been nominated or has received awards for both its cookbooks and art books; has twice received the Ben Franklin Award for excellence in publishing; and has regularly appeared in the publishing industry and national media.

8.    By reason of many years of phenomenal success of such publications bearing the Mark, the Mark has become famous throughout the United States and abroad as an indicator of high-quality publishing, and it constitutes an extremely valuable Black Dog asset.

9.    Black Dog's Mark is registered with the United States Patent and Trademark Office under Registration Number 3,095,002 in international class 016 for "books, namely, fiction books featuring a wide range of subject matter; non-fiction books on a variety of topics, reference books on a variety of topics; books featuring photography, art, cooking, architecture, humor, and instructional and teaching materials for children; librettos; illustrated and picture-based books" and international class 009 for "pre-recorded compact discs and CD-ROMs

featuring fiction and non-fiction books, reference books, literary works, music, written and spoken poetry, cartoons, artwork, historical content, and instruction in the field of the arts".

10.    Black Dog is the owner of all right, title, and interest in the Mark.

11.    Black Dog distributes Black Dog Books bearing the Mark throughout the world and throughout the United States in international and interstate commerce, through exclusive distribution agreements with independent distributors.

12.    Black Dog is known as and often referred to in the trade and in the press as "Black Dog". The mark BLACK DOG has secondary meaning, as the purchasing public has come to know, rely upon and recognize Black Dog's goods and services by the mark BLACK DOG, and Black Dog has established valuable good will in the mark BLACK DOG.

**BDP's Infringement of the Mark**

13.    Black Dog first became aware of the United States marketing activities of Black Dog Publishing ("BDP") when Black Dog's principal, Mr. J.P. Leventhal, read in the April 30, 2007 edition of Publisher's Weekly that BDP, like Black Dog, will exhibit at Book Expo America in New York City from May 31 to June 3, 2007. The magazine states that BDP, reportedly a first-time exhibitor, and Black Dog will occupy booths 4451 and 4457 (which are virtually contiguous) respectively, at the Book Expo. The Book Expo is the most important event in the U.S. book publishing industry and probably the second largest in the world.

14.    Upon investigating, Black Dog discovered that according to BDP's own website indicates, Black Dog is engaging in a widespread course of distributing books in the United States using the mark "BLACK DOG" (the "Infringing Mark"). For example, Black Dog's website features numerous links to amazon.com pages for domestic sales of BDP books which

A059839.DOC\4

doubtless bear the Infringing Mark (the "Infringing Books"), and it lists a variety of contacts for US distribution. http://www.blackdogonline.com/distribution.html#usa.

15. Black Dog's initial investigation has revealed that at least one sales agent routinely received orders for BDP's books that were misaddressed to Black Dog. Upon information and belief, discovery will yield more examples of actual confusion, including orders and inquiries for Black Dog Books that were mistakenly addressed to BDP.

16. The fact that BDP's booth at Book Expo will be just feet away from Black Dog's booth is just one example of fact that BDP's Infringing Books are marketed and sold through the same channels of trade as Black Dog's Books. In addition, both publishers sell through national chains such as Borders and Barnes & Noble, independent bookstores and museum bookstores, and many other retailers, mail-order companies and on-line booksellers such as amazon.com.

17. BDP competes with Black Dog by publishing books concerning identical subjects, such as art and architecture.

### Black Dog's Attempt to Settle Without Litigation

18. BDP is not now and never has been an authorized licensee of the Mark.

19. On May 18, 2007, Black Dog via its undersigned counsel sent a cease-and-desist letter to BDP by U.S. mail, email (info@blackdogonline.com), Federal Express and Facsimile. Black Dog advised BDP of Black Dog's trademark registration and its claims against BDP for use of the Mark in the U.S.A., and demanded that BDP cease all infringement, including all infringement related to the Book Expo. It also demanded that BDP provide an accounting of its infringing activities.

A059839.DOC\4

20.    On May 22, 2007, BDP responded by letter from its counsel demanding two weeks' forbearance on initiation of legal proceedings, and threatening that if Black Dog did not so forebear, notwithstanding the fact that Book Expo is about to take place, BDP would apply to the court for payment of its "costs on an indemnity basis." As the two-week period would extend past the entire Book Expo, Black Dog responded by facsimile and email that same day, rejecting the two-week delay and again demanding that BDP acknowledge Black Dog's registered U.S. rights in the Mark and provide basic information regarding BDP's infringing activities.

21.    On May 24, 2007, BDP's counsel responded by facsimile citing various scheduling difficulties including a month long vacation by one of the partners of the firm, and offering only to "endeavor to take our client's instructions and respond substantively to your client's claim by no later than close of business on 2 June 2007" – the third and penultimate day of Book Expo. This lawsuit followed.

22.    Black Dog has suffered and will continue to suffer damage to its reputation and good will and to the value of the Mark by reason of BDP's use of the Infringing Mark.

23.    Unless restrained by this Court, Black Dog will suffer irreparable harm.

## CLAIM I

## INFRINGEMENT OF REGISTERED TRADEMARK, 15 U.S.C. § 1114

24.    Plaintiff Black Dog realleges and incorporates by reference the allegations of the preceding paragraphs.

25.    BDP is not and never has been an authorized licensee of the Mark.

A059839.DOC\4

26.    BDP has never been authorized by Black Dog to use Black Dog's registered Mark in connection with the advertising, offering for sale, or sale of books or any other good or service.

27.    Despite not being an authorized licensee, BDP has published, imported, marketed, sold, and offered for sale Infringing Books in commerce bearing reproductions, copies or confusingly similar derivatives of the registered Mark in manners which are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of Black Dog Books and/or Infringing Books by causing them to assume or believe that BDP is an authorized licensee and publisher of Black Dog Books or that Black Dog publishes the Infringing Books.

28.    BDP has used the Infringing Mark on or in connection with labels, signs, and advertisements in commerce upon or in connection with the sale, offering for sale, distribution of Infringing Books in manners which are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of Infringing Books and/or Black Dog Books by causing them to assume or believe that BDP is an authorized licensee and publisher of Black Dog Books or that Black Dog publishes the Infringing Books.

29.    BDP's conduct has been and is continuously infringing or threatening to infringe BDP's registered Mark in violation of Section 32 of the Trademark Act, 15 U.S.C. § 1114(1)(a) and (b).

30.    BDP has received repeated proper notice of its infringing activity and of Black Dog's demand that such infringing activity cease—including a demand for cessation of use of the mark in connection with its presence at Book Expo America—but it has refused to cease its infringing activity.

31.    Upon information and belief, BDP's infringement of Black Dog's Mark has been and is knowing, willful, intentional, and deliberate.

32.    Unless enjoined by the Court, BDP will continue to infringe Black Dog's trademark rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Black Dog.

33.    Black Dog has no adequate remedy at law.

34.    Black Dog is entitled to an injunction restraining BDP, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of Black Dog's rights under Section 32 of the Trademark Act, 15 U.S.C. § 1117, pursuant to Section 34 of the Act, 15 U.S.C. § 1116.

35.    Black Dog is entitled to an order requiring the seizure and destruction of all infringing books, labels, signs, packages, advertisements, negatives, galleys, or other materials that violate plaintiff's rights under Section 32 of the Trademark Act, 15 U.S.C. § 1117, pursuant to 15 U.S.C. § 1118.

36.    Black Dog has suffered damages as a proximate result of the infringing acts of BDP and is entitled to recover damages in an amount to be determined at trial, and is further entitled to recover any profits of BDP resulting from its acts of infringement, along with treble damages, statutory damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

## CLAIM II

## FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

37.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

38.    The mark BLACK DOG has secondary meaning, as the purchasing public has come to know, rely upon and recognize Black Dog's goods and services by the mark BLACK DOG, and Black Dog has established valuable good will in the mark BLACK DOG.

39.    BDP has imported, marketed, sold, and offered for sale Infringing Books in commerce bearing reproductions, copies or confusingly similar derivatives of the registered Mark in manners which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of such BDP with Black Dog, or as to the origin, sponsorship, or approval of BDP's goods, services, or commercial activities by Black Dog among purchasers and potential purchasers of Infringing Books and/or Black Dog Books by, inter alia, causing them to assume or believe that BDP is an authorized seller of Black Dog Books, is subject to the duties and obligations of an authorized seller of Black Dog Books, and can remedy any customer complaints regarding Black Dog Books.

40.    In commercial advertising or promotion, BDP has misrepresented the nature, characteristics, qualities, and, upon information and belief, geographic origin, of its and Black Dog's goods, services, or commercial activities, which constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

41.    BDP's actions constitute false designations of the origin of Infringing Books, and false or misleading descriptions of BDP's status as a seller of Black Dog Books and vice versa, which are likely to cause confusion, mistake, or deception among consumers of Black Dog

A059839.DOC\4

Books as to BDP's supposed affiliation, connection, or association with Black Dog, and to give the false or misleading impression as to the origin, sponsorship, or approval of BDP's unauthorized sale, offering for sale, advertising or promotion of Infringing Books, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

42.    BDP has received repeated proper notice of its infringing activities and of Black Dog's demand that such infringing activities cease, but it has refused to cease its infringing activities.

43.    Upon information and belief, BDP's violations of Section 43(a) of the Lanham Act have been and are knowing, willful, intentional, and deliberate.

44.    Unless enjoined by the Court, BDP will continue to infringe Black Dog's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Black Dog.

45.    Black Dog has no adequate remedy at law.

46.    Black Dog is entitled to an injunction restraining BDP, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of Black Dog's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to Section 34 of the Act, 15 U.S.C. § 1116.

47.    Black Dog is entitled to an order requiring the seizure and destruction of all infringing books, labels, signs, packages, advertisements, negatives, galleys, or other materials that violate plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1118.

A059839.DOC\4

48.    Black Dog has suffered damages as a proximate result of the infringing acts of BDP and is entitled to recover damages in an amount to be determined at trial, and is further entitled to recover any profits of BDP resulting from its acts of infringement, along with treble damages, statutory damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

## CLAIM III

## COMMON LAW TRADEMARK INFRINGEMENT

49.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

50.    The mark BLACK DOG has secondary meaning, as the purchasing public has come to know, rely upon and recognize Black Dog's goods and services by the mark BLACK DOG, and Black Dog has established valuable good will in the mark BLACK DOG.

51.    BDP's conduct has and threatens to continue to cause confusion, mistake, and/or deception in the minds of the members of the trade and the public, including distributors, retailers, and consumers of Black Dog Books and Infringing Books bearing the Mark and/or marks confusingly similar thereto.

52.    BDP's conduct, through its unauthorized use of Black Dog's Mark and/or marks confusingly similar thereto including the mark BLACK DOG, is an infringement of and trades upon the favorable reputation and proprietary rights of Black Dog under the common law of New York.

53.    Upon information and belief, BDP's infringements have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

A059839.DOC\4

54.    Unless enjoined by the Court, BDP will continue to infringe Black Dog's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Black Dog.

55.    Black Dog has no adequate remedy at law.

56.    Black Dog is entitled to an injunction restraining BDP, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of Black Dog's rights.

57.    Black Dog is entitled to an order requiring the seizure and destruction of all infringing labels, signs, packages, advertisements, negatives, galleys, or other materials that violate Black Dog's rights.

58.    Black Dog has suffered damages as a proximate result of the infringing acts of BDP and is entitled to recover damages in an amount to be determined at trial.

59.    Black Dog is entitled to recover punitive damages in an amount to be determined at trial.

## CLAIM IV

## COMMON LAW UNFAIR COMPETITION

60.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

61.    The mark BLACK DOG has secondary meaning, as the purchasing public has come to know, rely upon and recognize Black Dog's goods and services by the mark BLACK DOG, and Black Dog has established valuable good will in the mark BLACK DOG.

62.     BDP's conduct constitutes misappropriation of the goodwill created and developed by Black Dog in its business and the Mark, the mark BLACK DOG, and Black Dog's status as the sole source of Black Dog Books in the United States.

63.     Upon information and belief, BDP's acts of unfair competition have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

64.     Unless enjoined by the Court, BDP will continue to engage in unfair competition in violation of Black Dog's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Black Dog.

65.     Black Dog has no adequate remedy at law.

66.     Black Dog is entitled to an injunction restraining BDP, its agents and employees, and all persons acting in concert with any one or more of them from engaging in any of the foregoing acts or any further or different acts in violation of Black Dog's rights.

67.     Black Dog is entitled to an order requiring the seizure and destruction of all infringing labels, signs, packages, advertisements, negatives, galleys, or other materials that violate Black Dog's rights.

68.     Black Dog has suffered damages as a proximate result of the infringing acts of BDP and is entitled to recover damages in an amount to be determined at trial.

69.     Black Dog is entitled to recover punitive damages in an amount to be determined at trial.

## CLAIM V

## VIOLATION OF GENERAL BUSINESS LAW § 360-*l*

70.     Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

A059839.DOC\4

71.    The mark BLACK DOG has secondary meaning, as the purchasing public has come to know, rely upon and recognize Black Dog's goods and services by the mark BLACK DOG, and Black Dog has established valuable good will in the mark BLACK DOG.

72.    BDP's foregoing forgoing acts create a likelihood of injury to plaintiffs' business reputation and dilution of the distinctive quality of Black Dog's Mark and the mark BLACK DOG or unfair competition in violation of New York General Business Law § 360-l.

73.    BDP's foregoing acts were in knowing and willful violation of New York General Business Law § 360-l.

74.    Black Dog has been injured by BDP's violations of New York General Business Law § 360-l.

75.    Unless enjoined by the Court, BDP will continue to violate New York General Business Law § 360-l, thereby causing immediate and irreparable injury to Black Dog.

76.    Black Dog has no adequate remedy at law.

77.    Black Dog is entitled to an injunction restraining BDP, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of New York General Business Law §§ 360-l.

**WHEREFORE**, plaintiff Black Dog prays that the Court grant it relief as follows:

1.    Preliminary and permanent injunctive relief enjoining defendant BDP, its agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, from engaging in any of the acts complained of herein, including, but not limited to any unauthorized publishing, marketing, sale, offering for sale, distribution or importation of the Infringing Books;

A059839.DOC\4

2.      Requiring defendant BDP to sequester, forfeit and deliver up for destruction all Infringing Books or other items or things bearing the Infringing Mark that are in BDP's possession, custody, or control, or in the possession, custody or control of any of its agents or representatives;

3.      Judgment awarding plaintiff Black Dog compensatory and punitive damages, treble damages as allowed by law, and defendant BDP's profits attributable to its unlawful activity, as allowed by law;

4.      Pre-judgment and post-judgment interest, costs, and reasonable attorney's fees as allowed by law; and

5.      Such other, further, or different relief as is just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury of all claims so triable.

Dated: New York, New York
       May 25, 2007

                              COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP


By: _____
                              Toby M.J. Butterfield (TB-8599)

By: _____
                              Mason A. Weisz (MW-5954)


                              41 Madison Avenue, 34th Floor
                              New York, New York 10010
                              Telephone:  (212) 974-7474
                              Telecopier:  (212) 974-8474

                              *Attorneys for Plaintiff Black Dog*
                              *& Leventhal Publishers, Inc.*

A059839.DOC\4